FILED
2018 Sep-19 AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO DEON REED, | ] |
| Petitioner, | ] ] ] |
| v. | ] Case No.: 2:17-cv-01843-ACA-TMP |
| LEON BOLLING, et al., | ] ] ] |
| Respondents. | ] |

## MEMORANDUM OPINION

This matter is before the court for a writ of habeas corpus filed by Petitioner Antonio Deon Reed, *pro se*, on November 2, 2017. (Doc. 1). Mr. Reed challenges his 2010 conviction for capital murder in the Circuit Court of Jefferson County, Alabama. (*Id.* at 1–2). On August 23, 2018, the magistrate judge to whom the case was referred entered a report and recommendation pursuant to 28 U.S.C. § 636(b), recommending that habeas relief be denied. (Doc. 10). Mr. Reed has filed timely objections to the report and recommendation. (Doc. 11).

Mr. Reed concedes that his claims are time-barred, but asserts he is entitled to equitable tolling because he is actually innocent, as set forth in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). More specifically, Mr. Reed argues that he is actually innocent of capital murder because his confession occurred after he requested an attorney. (Doc. 11 at 1). In *McQuiggin*, the Supreme Court held that a claim of

"actual innocence, if proved, serves as a gateway" to overcome the expiration of the statute of limitations. *Id.* 569 U.S. at 386. However, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. In *McQuiggin*, the Court "stress[ed] . . . that the *Schlup* standard is demanding" and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 513 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

In contrast, a habeas petitioner is not entitled to equitable tolling simply because he alleges constitutional violations at his trial or sentencing. *Cole v. Warden, Georgia State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014). Actual innocence requires a showing of "*factual* innocence, not mere legal insufficiency." *See McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Here, the issue of whether Mr. Reed's confession was properly procured addresses legal innocence, rather than factual

innocence. *See e.g., Woulard v. Sec'y, Dep't of Corr.*, 707 Fed.App'x 631, 635 (11th Cir. 2017) (finding petitioner's contention that if his attorney had filed a motion to suppress the State would not have been able to prove he committed the crime and therefore he would not have pled guilty, demonstrated legal innocence but failed to meet the "high bar of providing new evidence that supports *factual* innocence"). Mr. Reed has failed to present any new evidence showing he is actually innocent of capital murder. *See Schlup*, 513 U.S. at 324. Additionally, Mr. Reed concedes that his petition was not timely filed. Because Mr. Reed does not establish a proper basis warranting equitable tolling, under the *McQuiggin* actual innocence exception or otherwise, the petition must be dismissed as time-barred.

Mr. Reed also asserts that Ala. Code § 13A–5–42 (1975), under which he was convicted, requires that his guilt be proved beyond a reasonable doubt by a jury and describes this requirement as jurisdictional. (Doc. 11 at 2). However, nothing in this objection identifies a finding of fact or conclusion of law with which Mr. Reed disagrees. As noted in the report and recommendation, a jury trial commenced on May 24, 2010, and on May 25, 2010, the jury returned a verdict of guilty. (Doc. 10 at 1–2). Therefore, to the extent Mr. Reed objects to the report and recommendation on this basis, nothing in his assertion provides adequate grounds warranting equitable tolling.

Having carefully reviewed and considered *de novo* the record in this case, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendation. The court **OVERRULES** Mr. Reed's objections and **DISMISSES** the petition for writ of habeas corpus **WITH PREJUDICE**. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); Rule 11(a)*, Rules Governing § 2254 Proceedings*.

The court will enter an appropriate order.

**DONE** and **ORDERED** this September 19, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE